Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road, Ossining, NY 10562
Phone (914) 330-1527   paulcist@iustice.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**JUANITA RANDALL,**

            **Plaintiff,**          **VERIFIED COMPLAINT**
                                          **AND JURY TRIAL DEMAND**

                                          **INDEX NO.:** _____
-against-

                                          **ASSIGNED JUDGE:**_____

**YOUNG ADULT INSTITUTE, INC.,**

            **Defendant.**
-----------------------------------------------------------x

    Plaintiff Juanita Randall, by and through her attorney, Paul N. Cisternino, as and for her Verified Complaint, alleges as follows:

## INTRODUCTION

    1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under law.

    2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*,

and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3. Plaintiff alleges herein that she was denied the equal terms, conditions and privileges of employment, subjected to discrimination based on race, subjected to a racially hostile work environment, and also victimized by an unlawful termination.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that she timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and her complaint was dual filed with the York State Division of Human Rights. Plaintiff requested and received a Right to Sue from the Commission and the instant complaint has been filed within ninety days of the receipt thereof.

## PARTIES

7. Plaintiff at all times relevant herein resided within the State of New York.

8. Upon information and belief the Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. The Plaintiff is a 39 year-old African American female who had been employed by the Defendant for approximately three years, working most recently in a "crisis house" as a Resident Supervisor in Defendant's Hull Avenue "Conde" location.

11. During her period of working for the Defendant the Plaintiff has always acted in a competent and professional manner, without time, attendance, disciplinary nor negative performance issues of any kind, except as to those such matters under dispute herein, like the two disciplinary write-ups associated with her termination, which Plaintiff disputes.

12. Upon information and belief, the Plaintiff alleges that she was subjected to discrimination and an unlawful termination based on her race and that she was also exposed to a racially hostile work environment.

13. This belief is based on the fact that the Plaintiff was singled out and, especially as it relates to her termination, treated differently from Defendant's non-African American employees.

14. During the relevant time period the facility's Director was Yvonne Patrick (hereinafter "Patrick"); at some point Program Director Gaby Mesones (hereinafter "Mesones") became Plaintiff's direct supervisor.

15. Almost from Mesones' start, she was highly critical of the Plaintiff's work

and also intensely scrutinized the Plaintiff; Mesones apparently had a problem with how the Plaintiff dealt with entering certain data in the house ledgers, about which the Plaintiff sought help from both Patrick and Mesones in March 2019, although no assistance was ever forthcoming; the Plaintiff even offered to work overtime to resolve any problems with the ledgers but was again rebuffed.

16. The Plaintiff was also not given an assistant until December 2018, which severely effected Plaintiff's ability to accomplish her designated job duties.

17. It should be noted that two previous supervisors at the facility, who were also African American, were unfairly criticized and were forced to transfer out of the facility; the Plaintiff had previously asked to be transferred several times, contacting both the Quality Assurance and Human Resources departments, but was denied by Patrick, her stated reason being that the facility was better with the Plaintiff being there.

18. The work atmosphere was also tainted by racial animus of various types, including, but not limited to, racially objectionable comments; on at least one occasion the Plaintiff complained to Mesones that a nurse had made a comment to the effect that African Americans "were not raised correctly;" instead of addressing the issue, Mesones merely laughed and said that the Plaintiff should not be upset about the comment; the Plaintiff again expressed that such a comment was not acceptable; her objection seemed to agitate Mesones.

19. On or about May 10, 2019, the Plaintiff was terminated unfairly, without adequate explanation, advance warning or any type of progressive discipline.

20. Although the Plaintiff vehemently disputes that her work was in any way

4

deficient, she personally noted that employees in the past who had problems were given the option to transfer instead of being terminated; the Plaintiff, however, was never afforded such an accommodation nor was she offered additional training despite her requesting it.

21. It is the Plaintiff's belief that her termination was unlawful and discriminatory, she was never given an adequate opportunity to offer an explanation for what allegedly occurred, nor was she ever provided with a formal termination letter.

22. To the Plaintiff's knowledge, although the Defendant has a written anti-discrimination policy, they do not properly apply it or enforce it.

23. At the time of her termination, the Plaintiff was making approximately $58,500 per year; since being terminated, she has been unable to obtain commensurate replacement employment, despite her good faith efforts to do so.

### AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

24. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as though fully set forth herein.

25. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE UNDER NEW YORK EXECUTIVE LAW §290

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON HOSTILE WORK ENVIRONMENT UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT

28. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as though fully set forth herein.

29. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED ON HOSTILE WORK ENVIRONMENT UNDER NEW YORK EXECUTIVE LAW §290

30. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" as though fully set forth herein.

31. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Juanita Randall respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated: Ossining, New York
April 29, 2020

Respectfully submitted,

Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*

_____
Paul N. Cisternino (PC-0317)

# VERIFICATION

STATE OF NEW YORK )
) SS:
COUNTY OF WESTCHESTER )

Juanita Randall, being duly sworn, deposes and says:

I am the Plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

_____
JUANITA RANDALL

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 3/1/23

Subscribed and sworn to before me this
28th day of April 2020.

_____
Notary Public

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          INDEX NO. _____

---

JUANITA RANDALL, Plaintiff

-against-

YOUNG ADULT INSTITUTE, INC., Defendant

---

VERIFIED COMPLAINT AND

JURY TRIAL DEMAND

---

Law Office of Paul N. Cisternino, P.C.
16 Briarbrook Road
Ossining, New York 10562
Tel: (914) 330-1527
paulcist@justice.com

- Litigation Back -

9